IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELCOR ASSET CORPORATION and MYLAN PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK PHARMACEUTICALS LIMITED, GLENMARK PHARMACEUTICALS INC., USA and STIFEL WEST COAST, LLC, <br><br> Defendants. | Civil Action No. 1:17-cv-01653-RGA |

**MEMORANDUM ORDER**

Presently before me is Plaintiffs' Partial Motion to Dismiss Glenmark's Third Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 28). The parties have briefed the issues. (D.I. 29, 42, 44). Defendants' Third Counterclaim alleges Monopolization and Attempted Monopolization by Plaintiffs in the "market for treatment with topical clindamycin foam" under Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2. (D.I. 12, Counterclaim at ¶¶ 51-64). For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

**I.     LEGAL STANDARD**

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.*

("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## II. DISCUSSION

To state an antitrust monopolization claim, a claimant must plead "(1) the [accused's] possession of monopoly power in the relevant market and (2) the [accused's] willful acquisition or maintenance of that power" through exclusionary conduct. *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306-07 (3d Cir. 2007) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966)). To state a claim for attempted monopolization, a claimant must plead that the accused "(1) had the specific intent to monopolize the relevant market, (2) engaged in anticompetitive or exclusionary conduct, and (3) possessed sufficient market power to come dangerously close to success." *BarrLabs., Inc. v. Abbott Labs.*, 978 F.2d 98, 112 (3d Cir. 1992). "Monopoly power is the ability to control prices and exclude competition in a given market." *Broadcom*, 501 F.3d 307. However, monopoly power can only be assessed after the claimant has defined the "relevant market." *See Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436 (3d Cir. 1997); *Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 722 (3d Cir. 1991) ("The relevant product market is defined as those 'commodities reasonably interchangeable by

consumers for the same purposes.'" (quoting *United States v. E.I. Du Pont de Nemours & Co.*, 351 U.S. 377, 395 (1956))).

Although the ultimate determination of the relevant market is factual, at the pleading stage it is incumbent upon the claimant to "define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand." *Queen City Pizza*, 124 F.3d at 436. Products are reasonably interchangeable if "one product is roughly equivalent to another for the use to which it is put." *Id.* at 437. "[C]ross-elasticity of demand [means] the rise in the price of a good within a relevant product market . . . tend[s] to create a greater demand for other like goods in that market." *Tunis Bros.*, 952 F.2d at 722. Absent a market definition that accounts for interchangeability and cross-elasticity of demand, "the [alleged] relevant market is legally insufficient and a motion to dismiss may be granted." *Queen City Pizza*, 124 F.3d at 436.

Defendants have not met their burden of pleading a relevant market under Section 2 of the Sherman Antitrust Act. Defendants' Counterclaim states, "the relevant product market is the market for treatment with topical clindamycin foam." (D.I. 12, Counterclaim at ¶ 53). Defendants do not go on to address reasonable interchangeability by, for example, articulating why the relevant market covers clindamycin foam, but excludes roughly similar products such as clindamycin creams. They do not allege that there is no cross-elasticity of demand by, for example, claiming that an increase in the price of Plaintiffs' product would not drive consumers to purchase alternative acne medications. In fact, Defendants do not make any allegations at all in support of their claimed relevant market. Thus, Defendants' "relevant market" is a factually unsupported conclusion which falls short of the pleading requirements of Rule 8(a). I will grant Plaintiffs' Partial Motion to Dismiss Glenmark's Third Counterclaim.

## III. CONCLUSION

Plaintiffs' Partial Motion to Dismiss Glenmark's Third Counterclaim (D.I. 28) is **GRANTED**.

IT IS SO ORDERED this 21 day of September 2018.

_____
United States District Judge